UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMODA FULLER AHMED,

              Plaintiff,

-against-

CHUCK SCHUMER, SENATOR,

              Defendant.

23-CV-4724 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against Senator Chuck Schumer, the Majority Leader of the United States Senate, for alleged violations of her rights. She paid the filing fees for this action. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).

      The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff, who resides in Queens, New York, brings this action against Senator Schumer, seeking to hold him liable for alleged violations of her rights. Her statement of claim is as follows:

> Here the facts support my case Hodge v. United Hodges v. Obergefell, report to district attorney in Queens of harassment. All types, visited at my doctor office 28 U.S.C. 267132 (F. Suit)!, Strader v. Graham. Dred Scott 1857. Marbury v. Madison. Roe v. Wade. The Defendant has other case against him [indecipherable] is case him, freedom speech, freedom to vote, fifth and eleven nd fourteen. 1986 Disable Act. The Defendant has problems with Republican and I'm a Republican, has no respect for Judges Gorsuch v. Schumer March 27, 2017. People v. Tillotson 63 N2d 31, People v. Smith 55 NY2d 945, People v. Burgin, People v. Moses 63 NY.2d 299, [indecipherable] Magan and Nichoff [], People v. Moses. the Grievance Committee for the Second, Eleventh and the Thirteenth Judicial Districts was filed, DA Katz has copy disrespectful cops, judges, my daughter use the cop she pregnant now 511 US 244 2681986 Landgraf use films. Overturn Roe v Wade May 2 2022, I'm military child and he found guilty for

investigation by the sex committee [indecipherable] church. Schumer he was found guilty. And Chuck Schumer defend criminals. Robert Ford, Harrison given awards his character very bad.

(ECF 1, at 7.)[1]

Plaintiff attaches a statement to the complaint in which she asserts that, for the past ten years, the government has discriminated against and harassed her due to her religion, race, and gender. She also claims that she was placed on a "red flag list," which violates her constitutional rights, and that Senator Schumer has shown "no remorse of hi[s] action toward [Plaintiff] and [her] family," and that he is in a position as a Senator "to do whatever he wants to [her] and he has made "threats to [her] constitutional rights and wellbeing." (*Id*. at 9.) Plaintiff lists cases and laws that allegedly give her "permission" to bring this lawsuit against Senator Schumer, including "People v. Tillerson," "Jim Crow Disability Act of 1986," "People v. Smith," and "Gorsuch v. Schumer." (*Id*.) She further asserts that

> As a citizen of United States being Jewish and black, white, American, Indian I should not have this type of life. My children are affected by this too, my daughter also graduated John Jay and took the port authority test police and was rejected when she has experience as officer.

(*Id*.)

Plaintiff seeks "the maximum allow[ed] for damages." (*Id*. at 6.)

## DISCUSSION

Plaintiff's complaint does not comply with Rule 8's requirement that it provide a short and plain statement showing that she is entitled to relief. She asserts that her rights were violated but she pleads no facts describing any of the specific events giving rise to her claims and why

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

she is entitled to any relief from Senator Schumer. The complaint consists of phrases, disjointed information, and case citations without supporting facts indicating any connection to Senator Schumer. Plaintiff's assertions, even when afforded the solicitude due to *pro se* submissions, do not provide sufficient factual detail to plausibly suggest that Senator Schumer or any other defendant has violated her federally protected rights. The Court therefore dismisses the complaint for failure to state a claim on which relief many be granted.

Even if Plaintiff had stated a recognizable claim against Senator Schumer, the complaint could not proceed. Her assertions suggest that she is suing Senator Schumer in his official capacity as Majority Leader of the Senate and for what she perceives as his animosity to Republicans. However, Senator Schumer is shielded from liability for actions he took in his official capacity as a United States Senator, both as a federal employee and in his legislative role. First, "[u]nder settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citations omitted). The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Second, the Speech and Debate Clause of Article I of the Constitution provides that "[t]he Senators and Representatives . . . shall not be questioned in any other Place" for "any Speech or Debate in either House." U.S. CONST. Art. I, § 6, cl. 1. This clause renders "members of Congress . . . absolutely immune" for their legislative acts. *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 508-9 (1975). Legislative immunity shields an official from liability if the act in question was undertaken "'in the sphere of legitimate

legislative activity'" and is the sort of "broad, prospective policymaking that is characteristic of legislative action." *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 210-11 (2d Cir. 2003) (quoting *Bogan, v. Scott-Harris*, 523 U.S. 44, 55 (1998)).

Here, although Plaintiff does not plainly articulate her claims, it is clear that she is suing Senator Schumer in his capacities as a federal employee and as legislator. He is absolutely immune from suit for any actions taken in his official capacity and is protected from the "burden of defending [himself]" for his legislative activities. *Dombrowski v. Eastland*, 387 U.S. 82, 84-85, (1967). The Court must dismiss Plaintiff's claims against Senator Schumer under the doctrines of sovereign and legislative immunities, for lack of subject matter jurisdiction.[2] Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## PLAINTIFF'S LITIGATION HISTORY

Plaintiff has previously filed four similar actions against other members of Congress in state and federal courts. All four actions were decided in the United States District Court for the Eastern of New York and dismissed for failure to state a claim, for lack of subject matter jurisdiction, or as frivolous. *See Ahmed v. Ocasio-Cortez*, No. 19-CV-5582, 2020 WL 4548077

---

[2] Plaintiff's claims do not appear to fall under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, which provides a limited waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). As noted, she alleges no facts suggesting that Senator Schumer personally did anything that injured her.

(E.D.N.Y. Aug. 6, 2020); *Ahmed v. Gillibrand*, No. 19-CV-3985 (E.D.N.Y. Dec. 6, 2019); *Ahmed v. Velasquez*, No. 11-CV-4456, 2011 WL 4404031 (E.D.N.Y. Sept. 21, 2011); *Ahmed v. Maloney*, No. 10-CV-5102 (E.D.N.Y. Apr. 1, 2011).

Plaintiff is warned that the further filing in this court of vexatious or frivolous litigation in which she fails to allege facts suggesting that she is entitled to relief may result in an order under 28 U.S.C. § 1651(a), barring her from filing new actions without prior permission in this court. This warning is necessary to conserve this court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). Plaintiff is also warned that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   July 27, 2023
            New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge