UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMODA FULLER AHMED,

                 Plaintiff,

-against-

CHUCK SCHUMER, SENATOR,

                 Defendant.

23-CV-4724 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, filed this action against Senator Chuck Schumer, in his capacity as the Majority Leader of the United States Senate. By order dated July 27, 2023, the Court dismissed the action for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. The Court specifically determined that: (1) Plaintiff did not comply with Rule 8 of the Federal Rules of Civil Procedure, because she did not provide sufficient factual details to plausibly suggest that Senator Schumer, or any other individual federal officer, had violated her federally protected rights; and (2) Senator Schumer is shielded from liability for actions he took in his official capacity as a United States Senator, both as a federal employee and in his legislative role, under the doctrines of sovereign immunity and legislative immunity. Finally, because Plaintiff had previously filed four similar actions against other members of Congress in state and federal courts, the Court warned her that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new civil actions in this court without prior permission.

      On August 7, 2023, the Court received from Plaintiff a notice of motion that she allegedly filed "[t]o protect pursuit happiness, First Amendment, Jim Crow, civil right, civil liberties."

(ECF 10, at 1.)[1] The notice of motion is accompanied by a declaration in which Plaintiff asserts that, "the purpose of Declaration is to pursue a tort claim against Chuck Schumer all law and exhibits will show proof evidences." (ECF 9, at 1.) Plaintiff also provide the following statement in the declaration:

> Honorable Judge/clerk the plaintiff attached documents, exhibits college some educated mother of two employed by HRA and Postal Service a military child, I am an positive active member of my neighborhood community and cultural and Jewish religious and been federal Senator have discriminated and harramed me for a long time 10 years the violated my civil liberties and rights Crow Jim, 14 Amendment Feb 1 22, Hoffer v. Hodge, to pursuit education further, [indecipherable] skin color  Jim Crow [indecipherable], Harvard v North Carolina affirmation action, right to sue [indecipherable] of wild life, another Kennedy, Disability Act 1986 63 n2d 31 people [indecipherable] and Seth Meyers vs Chuck Schumer he has no respect for judges so who am to judge. He made threats to judges and did care. I would never do that disrespect a judge who work hard, his character "(who is questioned?" I'm to black to be Jewish; And my offspring wanted to take the Port Authority test was deny due she is qualified for the job exhibits will show the characters of my family. for exam of how Chuck Schumer think he gave award to a male Devarn Harrison who knowing to bad thing neighbor for years. Why did he give award to this person when Congresswoman Grace Meng gave a award to hero. Grace Meng was in the news. I'm not better than a judge and Chuck Schumer v Seth Meyers show he don't care about judges why should he follow the federal laws about me Jamoda Ahmed – respectful Jamoda Ahmed. Violated law of involving at my doctors and my personal relationship who I involve husband to be.

(ECF 9, at 1-2.)

The Court liberally construes Plaintiff's submissions together as a motion brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") to alter or amend judgment, and under Local Civil Rule 6.3 for reconsideration, as well as a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v.*

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original submissions unless otherwise indicated.

*Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

A.  **Motion to Alter or Amend the Judgment under Rule 59(e)**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff's submissions challenging the Court's July 27, 2023 order suffer from the same deficiencies as her complaint. The notice of motion and declaration consist of phrases, disjointed information, and case citations without supporting facts indicating any connection to Senator Schumer. Although Plaintiff asserts that Senator Schumer has discriminated against her and violated her rights, she does not provide sufficient factual details to plausibly suggest that Senator Schumer has personally and directly violated her federally protected rights. As with her

3

complaint, Plaintiff's assertions suggest that she is seeking to hold Senator Schumer liable for actions taken in his capacity as Majority Leader of the Senate, with respect to what appear to be laws, legal opinions, and legislative conduct of Senator Schumer's that she does not agree with, and as to certain negative experiences suffered by members of her family. The Court has considered Plaintiff's contentions, and even under a liberal interpretation of her submissions, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to dismissal of this action. The Court therefore denies Plaintiff's motion under Rule 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3 for the same reasons as the Court denied her relief under Rule 59(e); Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.

**C.      Motion for Relief from a Final Order of Judgment under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court finds that Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of this action, her request for relief under Rule 60(b) is denied.

Because this matter is closed, the Court will not accept any further submissions in this action, except for papers directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

The Court construes Plaintiff's notice of motion and declaration together (ECF 10-11) together as a motion brought under Rule 59(e) of the Federal Rules of Civil to alter or amend judgment, and under Local Civil Rule 6.3 for reconsideration, as well as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. The Court denies the motion and terminates all other pending matters in this action. The Court again warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new civil actions IFP without prior permission of the court.

This action is closed. The Court directs the Clerk of Court not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 15, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge